{¶ 35} R.C.2907.09(A), the "Public Indecency" section of the Criminal Code, states:
 {¶ 36} "(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:
 {¶ 37} "(1) Expose his or her private parts;
 {¶ 38} "(2) Engage in sexual conduct or masturbation;
 {¶ 39} "(3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
 {¶ 40} Defendant-Appellant was convicted of a violation of R.C.2907.09(A)(3). The conduct to which Defendant-Appellant confessed satisfies the definition of sexual conduct in R.C. 2901.01(A). However, the evidence must also show the further circumstances specified in R.C.2907.09(A)(3) for its violation, and that with respect to those circumstances that Defendant-Appellant acted recklessly. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 41} The sexual conduct in which Defendant-Appellant and the woman with him engaged took place in his closed automobile while it was traveling along a city street and after it was parked. Apart from the woman who was with him, who is unlikely to have been affronted by the conduct in which they engaged, there is no evidence that there were any other persons in their physical proximity who were likely to view the sexual conduct that occurred. The arresting officers had followed them, but they only observed Defendant-Appellant and the woman pull up their pants, before she ran off. Standing alone, that does not demonstrate that the officers observed or were likely to observe the sexual conduct in which the Defendant and the woman engaged.
 {¶ 42} Even had the circumstances required by R.C. 2907.09(A)(3) been shown to exist, the State had the further burden to prove beyond a reasonable doubt that Defendant-Appellant acted recklessly with respect to those circumstances. That required proof that he acted with heedless indifference to the likelihood that he and the woman would be observed by other persons in their physical proximity while the two engaged in sexual conduct, also disregarding a known risk that that would occur. R.C. 2901.22(C). On this record there is simply no evidence from which reasonable minds could so find, beyond a reasonable doubt. Therefore, I would reverse and vacate Defendant-Appellant's conviction.